**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KRISEAN NOBLE, # M-41490,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18-cv-753-NJR** |
| | ) | |
| **DR. JOHNNIE,** | ) | |
| **JOHN/JANE DOE #1 (Nurse),** | ) | |
| **and JOHN/JANE DOE #2 (Nurse),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center ("Centralia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if

it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review.

## The Complaint

Dr. Johnnie, the prison dentist, pulled one of Plaintiff's teeth on April 11, 2016. (Doc. 1, pp. 6, 11-12). During the extraction, the tooth broke in half, leaving the root of the tooth behind in Plaintiff's jaw. Dr. Johnnie told Plaintiff that he could do nothing else, and he would send Plaintiff to an outside dentist for another procedure to correct the problem. Dr. Johnnie gave Plaintiff twelve tablets of 600 mg Ibuprofen, which would last three days. This medication was largely effective to control Plaintiff's pain.

On April 14, 2016, Plaintiff returned to Dr. Johnnie for evaluation for any possible infection or swelling. At that time, Plaintiff's Ibuprofen had run out, and he told Dr. Johnnie that

he needed more. Plaintiff reported that he was having headaches, he could barely eat because of the pain, and his pain was an "8" on a scale of 1 to 10. (Doc. 1, pp. 6, 12). Dr. Johnnie told Plaintiff to keep taking his penicillin, but he did not give Plaintiff any more pain medication.

On April 15, 2016, Plaintiff asked the nurse on the pill line to give him some pain medication. She told him that only Dr. Johnnie could give him the medication, because he had prescribed it. This nurse shall be identified as Jane Doe Nurse #1.

On April 16, 2016, Plaintiff's housing unit officer called Health Care on Plaintiff's behalf in an attempt to get pain medication for him. (Doc. 1, pp. 6, 12). Plaintiff could barely open his mouth to eat, and he was having excruciating headaches. Jane Doe Nurse #2 told the officer that she could not give Plaintiff any medication, and he would have to wait until Dr. Johnnie returned two days later, after the weekend. (Doc. 1, p. 7). Plaintiff had to go without pain medication for nearly 5 days, during which he couldn't eat or sleep, and had unbearable headaches. (Doc. 1, p. 12). He suffered "the worst pain of [his] life" due to the lack of medication. (Doc. 1, p. 7).

Plaintiff seeks monetary damages for the violation of his rights. (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Johnnie, for failing to give Plaintiff medication to relieve his severe tooth pain, causing him to suffer unrelieved pain for nearly 5 days in April 2016;

**Count 2:**   Eighth Amendment deliberate indifference claim against Jane Doe Nurse #1 and Jane Doe Nurse #2, for failing to give Plaintiff any pain medication after he informed them of his severe tooth pain in April 2016.

Both counts shall proceed for further consideration, but Plaintiff must identify the Jane Doe Nurses (#1 and/or #2) by name before they can be served with notice of the action.

### Count 1 – Deliberate Indifference to Serious Medical Needs – Dr. Johnnie

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection.").

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112

F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's broken tooth constituted an objectively serious medical/dental condition that, according to Dr. Johnnie, would require the services of a non-prison dental provider to correct. The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

After his extraction of Plaintiff's tooth went awry, Dr. Johnnie immediately provided Plaintiff with pain medication. The pills lasted only three days, however, and Plaintiff continued to suffer significant pain, as well as difficulty eating. Dr. Johnnie failed to provide Plaintiff with additional pain medication, even after Plaintiff reported his ongoing symptoms. Furthermore, Dr. Johnnie apparently made no provisions for Plaintiff to receive medication while he was absent over the weekend, despite his knowledge that Plaintiff still had the broken tooth in his jaw and was waiting to be sent to an outside dentist. These facts support a deliberate indifference claim against Dr. Johnnie, thus, **Count 1** shall proceed for further consideration.

**Count 2 – Deliberate Indifference to Serious Medical Needs – Jane Doe Nurses**

When Plaintiff asked Jane Doe Nurse #1 for pain medication on April 15, 2016, she responded that only Dr. Johnnie could give him the prescribed medication. As a result, Plaintiff went without any pain medication at all. A nurse in that situation might have contacted the doctor about a refill of the prescription pain pills, or might have given the inmate some over-the-counter strength medication. According to Plaintiff, however, Jane Doe Nurse #1 did nothing at all to provide him with any pain relief. These facts may support a deliberate indifference claim

against the Jane Doe Nurse #1, therefore, Count 2 may proceed against her.

Similarly, Jane Doe Nurse #2 took no action to provide Plaintiff with any pain relief on April 16, 2016, which meant that Plaintiff had to continue suffering over the weekend until the doctor returned. Again, this scenario may support a deliberate indifference claim against Jane Doe Nurse #2, and Plaintiff's claim against her also may proceed.

## Identification of Unknown Defendants

While Plaintiff may proceed with Count 2 against the Jane Doe Nurses #1 and #2, these Defendants must be identified with particularity before service of the Complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). To that end, the Clerk shall be directed to add the Warden of Centralia as a defendant, in his/her official capacity only. The Warden shall be responsible for responding to discovery aimed at identifying these unknown Defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Defendants Jane Doe Nurses #1 and #2 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED** as ordered below.

## Disposition

The Clerk is **DIRECTED** to add as a Defendant the **WARDEN of CENTRALIA CORRECTIONAL CENTER (Official Capacity Only)**, for the purpose of responding to discovery to identify the Unknown Defendant Nurses.

The Clerk of Court shall prepare for Defendants **DR. JOHNNIE** and the **WARDEN of CENTRALIA CORRECTIONAL CENTER (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Unknown Defendants (Jane Doe Nurses #1 and #2) until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 21, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

8